IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **ALFRED HAGLER** PLAINTIFF(S), | : : : : | |
| V. | : : : | CASE NO.: |
| **TAMMY RIVERA WILLIAMS (ALSO KNOWN AS TAMMY RIVERA MALPHURS)** DEFENDANT(S) | : : : : : : : | **JURY TRIAL DEMANDED** |

………………………………………………………………………………

### ALFRED HAGLER'S COMPLAINT FOR PERSONAL INJURIES AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiffs, ALFRED HAGLER (hereafter, "Plaintiff"), by their attorney TREMAINE "TREY" ROSS, M.ED., ESQ. of THE LAW OFFICE OF TREY ROSS, P.C., and files this complaint for damages against Defendant TAMMY RIVERA WILLIAMS (also known as TAMMY RIVERA MALPHURS). In support of Plaintiff's claims, Plaintiff states as follows:

### PARTIES

1. Plaintiff is a resident of the State of Maryland, and suffered injuries from the Defendant's online and telephonic actions in the State of Georgia.

2. Plaintiff is owner and/or co-owner of D & A DESIGNS, LLC, a

business incorporated, licensed, and/or registered in the state of Maryland, and suffered injuries from the Defendant's online and telephonic actions in the state of Georgia.

3. D & A DESIGNS, LLC has 240,000 followers on Instagram and Plaintiff is known in Maryland and within the interior decorating community as the owner D & A DESIGNS, LLC.

4. At all times relevant hereto, Defendant TAMMY RIVERA WILLIAMS (hereafter, "Defendant"), is domiciled in the state of Georgia and is a citizen of the state of Georgia. Specifically, at all times relevant hereto, Defendant maintains or has maintained a residence at 1894 Vermack Court, Atlanta, GA 30338 (Dekalb County).

5. At all times relevant hereto, Defendant owns and/or operates the Instagram account identified as "charliesangelll" from her Georgia domicile, and said Instagram account has at least 6.5 million followers.

6. At all times relevant hereto, Defendant conducts substantial business in Georgia as the owner and/or operator of companies which include (1) T-Rivera Designs LLC, 2870 Peachtree Road #318, Atlanta, GA, 30305, USA, whose registered agent is in

Dekalb County, Georgia (2) T-Rivera Productions, LLC, 2870 Peachtree Road #318, Atlanta, GA, 30305, USA, whose registered agent is in Fulton County, Georgia, (3) T-Rivera Publishing LLC, 2870 Peachtree Road #318, Atlanta, GA, 30305, USA, whose registered agent is in Dekalb County, Georgia, and (4) T-Rivera Records, LLC, 2870 Peachtree Road #318, Atlanta, GA, 30305, USA, whose registered agent is in Fulton County, Georgia.

## JURISDICTION AND VENUE

7. Defendant is a United States citizen and an individual over eighteen (18) years of age, who, upon information and belief, presently has a home in Dekalb County, GA.

8. The Plaintiff and the Defendant have diversity of citizenship since they reside in different states.

9. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. For the reasons mentioned above, the subject matter jurisdiction of THE UNITED STATES DISTRICT COURT is properly invoked pursuant to the 28 U.S.C. § 1332.

11. For reasons mentioned throughout this complaint, venue is

proper in THE UNITED STATES DISTRICT COURT OF THE

NORTHERN DISTRICT OF GEORGIA pursuant to 28 U.S. Code

§ 1391 because the Defendant resides in Dekalb County, Georgia,

conducts substantial business in both Dekalb and Fulton County,

Georgia, and the causes of action occurred in Georgia.

12.    For reasons mentioned throughout this complaint, THE

UNITED STATES DISTRICT COURT OF THE NORTHERN

DISTRICT OF GEORGIA has supplemental jurisdiction of all

counts pursuant to 28 U.S. Code § 1367, namely, since all claims

are so related to claims in the action that they form part of the

same case or controversy under Article III of the United States

Constitution.

13.    Defendant may be served with Summons and this Complaint

at her address listed above, or at any other place where she may

be found.

**Background Facts**

14.    On or about April 1, 2019, Defendant, entered a contract

with D & A DESIGNS, LLC.

15.    The terms of the agreement provided that Defendant would

pay D & A DESIGNS, LLC $105,500 for goods and services.

16.    In exchange, D & A DESIGNS, LLC agreed to begin work on Defendant's home on April 22, 2019, and the estimated completion date for the project was June 29, 2019—the date of this complaint.

17.    Much of the contract involved the customization of furniture, fixtures (such as chandeliers and molding), and the installation of high-end designer wallpaper—projects which are typically not returnable to vendors after the work has begun.

18.    On April 22, 2019, Defendant only paid Plaintiff $52,000 of the $84,060 which she was contractually obligated to pay on that day. Nevertheless, D & A DESIGNS, LLC began performance of the contract but no contract modification was agreed upon by the parties.

19.    Also, pursuant to the contract, Defendant was obligated to pay Plaintiff (1) $8,562.50 on Monday, May, 6, 2019, (2) $4,110.00 on Monday, May 13, 2019, and (3) 2,055.00 on Monday, May 27, 2019. However, Defendant failed to make each of the payments mentioned in this paragraph.

20.    In addition, during the course of the contract's completion, Defendant added numerous new projects which were not a part of

the original agreement thereby slowing the pace of the contract's estimated completion date. For example, after beginning the contract, Defendant asked Plaintiff to (1) work on a basement powder room, (2) paint a two-story foyer in Defendant's entryway, (3) paint a hallway in Defendant's entryway, (4) upgrade the order of four chairs, and (5) obtain special fabric for Defendant's kitchen—all of which were completed prior to the estimated completion date of the agreement.

21.    However, on or about Monday, June 10, 2019—19 days prior to the estimated completion date of the contract—Defendant used her Instagram account identified as "charliesangelll" to harass and tag[1] Plaintiff.[2] Further, Defendant used said Instagram account to publish Plaintiff's picture (which included Plaintiff's phone number) along with numerous false and defamatory allegations about Plaintiff and D & A DESIGNS, LLC.

---

[1] Here, to "tag" a person involves the act of using a social media website's special feature which creates a direct link to a person, a person's business, or a person's social media page.
[2] Defendant tagged D & A DESIGNS, LLC. However, as evidenced by the picture of Plaintiff which was published by Defendant, Plaintiff is synonymous with D & A DESIGNS, LLC. Further, the "A" in D & A DESIGNS, LLC stand for "Alfred", Plaintiff's first name.

22.     Further, in the above-mentioned publication, Defendant accused Plaintiff of telling Defendant "nothing but lies" and Defendant also intentionally misled her 6.5 million followers and the public to believe that (1) Plaintiff had stolen money from Defendant and/or defrauded Defendant, (2) Plaintiff had not performed—or untimely performed—contracted obligations for three months even though it had only been seven weeks since the contracted start date for the project, (3) Defendant's inability to cook food in her kitchen was a direct result of her contract with Plaintiff, (4) Defendant was not in breach of her contract with Plaintiff, (5) Plaintiff misused Defendant's money, and (6) D & A Designs, LLC had only been to Defendant's property three times in a three month period.

23.     Defendant's written publication was seen by no less than 28,800 people on Instagram, garnered 4,480 comments on Instagram, and was republished and/or discussed by cable news media companies such as Fox 5 DC.

24.     Furthermore, in Defendant's above-mentioned publication, Defendant called on the public to become "alarmed" and as a result, Defendant's libelous cyberbullying and cyberstalking

actions caused Plaintiff to receive public ridicule, death threats, and thousands of harassing messages.

25.    Defendant received a cease and desist notice from Plaintiff's counsel on June 12, 2019, regarding Defendant's defamatory publication. However, on June 14, 2019, Defendant again used her Instagram account identified as "charliesangelll" to harass and tag Plaintiff in a publication whereby Defendant intentionally mislead her 6.5 million followers and the public to believe that (1) Plaintiff and D & A DESIGNS, LLC fraudulently published fictitious receipts on Plaintiff's Instagram page, (2) Plaintiff and D & A DESIGNS, LLC breached a contract with Defendant with respect to Defendant's kitchen, and (3) Plaintiff and D & A DESIGNS, LLC robbed 20 people.

26.    Defendant's defamatory publication made on June 14, 2019, was viewed by no less than 63,700 people and generated 3,443 comments from Defendant's followers, and was also discussed on cable news outlets such as Fox5 DC.

27.    Also, Defendant's repeated tagging of Plaintiff are a violation of Georgia's stalking statute which prohibits harassment or intimidation "by broadcast, by computer, by

computer network, or by any other electronic device". *See* O.C.G.A 16-5-90.

28.    In addition, after Plaintiff's wife made Defendant aware of the falsity of the statements and the ways Defendant's publication had injured Plaintiff and D&A Designs, LLC, Defendant sent Plaintiff text messages saying and threatening as follows: (1) "I don't give a damn…", (2) "You will see how much effluence[3] and years of experience I have", and (3) "I will make a post everyday until I get what is owed[4] to me[.] EVERYDAY [,] so I pray my furniture be [sic] at my door step [sic] on the 22nd [of June]."

29.    As a result of Defendant's actions, Plaintiff has lost over $1,000,000 in contracts with other celebrities and members of the community, Plaintiff has suffered damages and faced hardship due to Defendant's extortion, Plaintiff has suffered severe emotional distress, and Plaintiff has had his/her career and business irreparably harmed.

---

[3] Defendant may have meant to say "influence" here but given the subsequent toxicity of her actions and those of her followers, "effluence" certainly fits.

[4] As a reminder, Defendant knew that she had not fulfilled her payment obligations of the contract, was in breach of the contract, and knew or should have known that she was not owed anything. Defendants actions were a clear attempt to receive goods and services from Plaintiff via unlawful extortion.

**Count 1**
**Libel per se**
*Plaintiff Alfred Hagler v. Tammy Rivera Malphurs (Williams)*

Plaintiff hereby incorporates above-mentioned paragraphs 1 through 13, paragraphs 21 through 26, and paragraphs 28 through 29, and further states as follows:

30.     Through the above-mentioned Instagram publications, Defendant has falsely misled the public to believe that Plaintiff is guilty of a crime, dishonesty, or immorality.

31.     Further, Defendant's above-mentioned publications were unprivileged, communicated to thousands—if not millions—of people. Furthermore, the above-mentioned publications by Defendant have injured Plaintiff's trade or business as evidenced by the 4,480 comments associated with Defendant's June 10, 2019 publication and 3,343 comments associated with Defendant's June 14, 2019 publication—many of which express feelings such as the following: (1) "Wow. I wanted to try them, this sucks,"[15] (2) "Well, I'll be unfollowing them.

---

[15] This comment was published by verified Instagram user "primadonna87"—a celebrity Instagram user and/or influencer.

[Embarrassment emjoi] smh That's crazy,"[16] and (3) "Me & my sister love they [sic] designs, we were actually considering hiring them for each of our homes. Thank u Tammy, now they're a FUCKIN DUB!!!"[17]

32.    Defendant's allegations that Plaintiff has told Defendant nothing but lies, that Plaintiff has robbed 20 people, that Plaintiff has published fraudulent receipts, and Plaintiff has defrauded Defendant are false, defamatory, and injurious on their face.

33.    As evidenced by Defendant's text messages to Plaintiff, Defendant intentionally posted the above-mentioned publications with full knowledge of the falsity of the statements or with reckless disregard for the truth of the statements, and/or negligently caused the statements to be published.

34.    Furthermore, as evidenced by Defendant's text messages to Plaintiff's wife, Defendant tortious actions were calculated to injure Plaintiff and did in fact injure Plaintiff.

---

[16] This comment was published by verified Instagram user "erika_lapearl_mua"—another celebrity Instagram user and/or influencer.
[17] This comment was published by Instagram user "bexxyfaces".

35.    For these reasons and others, Defendant's publications are libelous per se in Georgia.

36.    Further, Defendant's publications proximately caused Plaintiff to suffer special harm in form of contract losses totaling over $1,000,000.  Furthermore, Defendant's conduct has caused Plaintiff to suffer severe emotional distress resulting in numerous medical bills.

### Count 2
### Libel per quod
### *Plaintiff Alfred Hagler v. Tammy Rivera Malphurs (Williams)*

Plaintiff hereby incorporates above-mentioned paragraphs 1 through 13, paragraphs 21 through 26, and paragraph 28 through 29, and further states as follows:

37.    Through the above-mentioned Instagram publications, Defendant has misled the public to believe that Plaintiff is an incompetent interior decorator or designer who breached his contract with Defendant, and misused Defendant's money.

38.    Further, Defendant's above-mentioned publications were unprivileged, communicated to thousands—if not millions—of people. Furthermore, the above-mentioned publications by Defendant have injured Plaintiff's trade or business as evidenced

by the 4,480 comments associated with Defendant's June 10, 2019 publication and 3,343 comments associated with Defendant's June 14, 2019 publication—many of which express feelings such as the following: (1) "Wow. I wanted to try them, this sucks,"[18] (2) "Well, I'll be unfollowing them. [Embarrassment emjoi] smh That's crazy,"[19] and (3) "Me & my sister love they [sic] designs, we were actually considering hiring them for each of our homes. Thank u Tammy, now they're a FUCKIN DUB!!!"[20]

39.    Defendant's publications which (1) falsely portrays Plaintiff as an incompetent interior decorator or designer who breached his  contract with Defendant, (2) falsely misleads the public to believe that Plaintiff was the direct cause of Defendant's alleged inability to use her kitchen, (3) falsely misleads the public to believe Plaintiff misused Defendant's money, and (4) falsely misleads the public to believe Plaintiff did not ensure that Plaintiff or Plaintiff's staff visited

---

[18] This comment was published by verified Instagram user "primadonna87"—a celebrity Instagram user and/or influencer.
[19] This comment was published by verified Instagram user "erika_lapearl_mua"—another celebrity Instagram user and/or influencer.
[20] This comment was published by Instagram user "bexxyfaces".

Defendant's home more than three times in three months are

**false** and ***libelous per quod*** in Georgia.

40.    Further, Defendant's publications proximately caused

Plaintiff to suffer special harm in form of contract losses totaling

over $1,000,000. Furthermore, Defendant's conduct has caused

Plaintiff to suffer severe emotional distress resulting in

numerous medical bills.

41.    As evidenced by Defendant's text messages to Plaintiff,

Defendant intentionally posted the above-mentioned publications

with full knowledge of the falsity of the statements or with

reckless disregard for the truth of the statements, and/or

negligently caused the statements to be published.

42.    Furthermore, as evidenced by Defendant's text messages to

Plaintiff, Defendant tortious actions were calculated to injure

Plaintiff and did in fact injure Plaintiff.

### Count 3
### Tortious Interference with Business Relations
### *Plaintiff Alfred Hagler v. Tammy Rivera Malphurs (Williams)*

Plaintiff hereby incorporates above-mentioned paragraphs 1

through 13, paragraphs 21 through 26, and paragraphs 28 through

29, and further states as follows:

43.     The above-mentioned publications constitute improper action and/or wrongful conduct by Defendant and were done without privilege.

44.     In addition, as evidenced by Defendant's text messages to Plaintiff, Defendant acted purposely and with malice with the intent to injure when Defendant defamed Plaintiff in the manner mentioned above and stated that Plaintiff has told Defendant nothing but lies, that Plaintiff has robbed 20 people, that Plaintiff has published fraudulent receipts, and Plaintiff has defrauded Defendant.

45.     Further, Defendant's actions caused other celebrities[21] not to enter into an anticipated business relationship with Plaintiff, and—as mentioned in the footnotes above—Defendant caused numerous Instagram users who follow Defendant not to enter into an anticipated business relationship with Plaintiff.

46.     Furthermore, Defendant's tortious conduct proximately caused damage to the Plaintiff in the form of lost profits and noneconomic damages. Furthermore, Defendant's conduct has

---

[21] For the sake of confidentiality, the names of celebrities can be shared with the court in camera or under seal if the court so requires. However, the persons mentioned here will be provided to Defendant during the course of discovery if so requested.

caused Plaintiff to suffer severe emotional distress resulting in numerous medical bills.

**Count 4**
**Invasion of Privacy: False Light**
***Plaintiff Alfred Hagler v. Tammy Rivera Malphurs (Williams)***

Plaintiff hereby incorporates above-mentioned paragraphs 1 through 13, paragraphs 21 through 26, and paragraphs 28 through 29, and further states as follows:

47.     By publishing allegations that Plaintiff has told Defendant nothing but lies, that Plaintiff has robbed 20 people, that Plaintiff has published fraudulent receipts, and Plaintiff has defrauded Defendant, Defendant portrayed Plaintiff in a false light intending to cause Plaintiff injury.

48.     In addition, by misleading the public to believe that (1) Plaintiff had breached the contract with Defendant, (2) Defendant's inability to cook food in her kitchen was a direct result of Defendant's contract with Plaintiff, (3) Defendant was not in breach of the contract with Plaintiff, (5) Plaintiff and/or Plaintiff's wife lied about what Defendant's money was used to purchase, and (6) neither Plaintiff nor Plaintiff's agents had been to Defendant's property more than three times in a three month

period, Defendant portrayed Plaintiff in a false light intending to cause Plaintiff injury.

49.    Defendant knew or should have known the above-mentioned statements were false, and did not confirm the accuracy of the false allegations Defendant made about Plaintiff even after she was informed of the false and defamatory nature of the comments by Plaintiff.

50.     In light of these facts and Defendant's text messages to Plaintiff mentioned above, it is clear that Defendant's false statements were made and published with actual malice, total disregard for the truth, and in the complete absence of any special privilege.

51.    As set forth above, Defendant has intentionally intruded upon the solitude and/or seclusion of Plaintiff and his private affairs and/or concerns, and this intrusion, which falsely portrays Plaintiff as a fraud, a thief, a scam artist, unprofessional, and a liar is highly offensive to a reasonable person.

52.    Further, as set forth above, Defendant has intentionally intruded upon the solitude and/or seclusion of Plaintiff and his private affairs and/or concerns, and this intrusion, which (1)

falsely portrays Plaintiff as an incompetent interior decorator or designer who breached his contract with Defendant, (2) falsely misleads the public to believe that Plaintiff was the direct cause of Defendant's alleged inability to use her kitchen, (3) falsely misleads the public to believe Plaintiff misused Defendant's money, and (4) falsely misleads the public to believe Plaintiff did not ensure that Plaintiff or Plaintiff's staff visited Defendant's home more than three times in three months, is highly offensive to a reasonable person.

53.    Defendant knew or should have known the statements alleged herein would create a false impression about Plaintiff and Defendant acted in reckless disregard of the truth of the statements.

54.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages of over $1,000,000 in lost profits, impairment to his name, character, reputation and other noneconomic damages to be proven at trial. Furthermore, Defendant's conduct has caused Plaintiff to suffer severe emotional distress resulting in numerous medical bills.

**Count 5**
**Punitive Damages**

*Plaintiff Alfred Hagler v. Tammy Rivera Malphurs (Williams)*

Plaintiff hereby incorporates paragraphs, 18, 21, 22, 24, 25, 27, and 28, and further states as follows:

55.    Defendant's actions involve intentional torts of defamation, tortious interference with business relations, and invasion of privacy. Furthermore, Defendant's conduct has caused Plaintiff to suffer severe emotional distress resulting in numerous medical bills.

56.    In addition, despite breaching her contract with Plaintiff, Defendant unlawfully used her social media platform and celebrity status to illegally coerce Plaintiff to deliver items to Defendant which Defendant knew or reasonably should have known she had no right to in light of Defendant's breach of contract.

57.    In addition, Defendant violated Georgia law by intentionally engaging in the cyberstalking and cyberbullying of Plaintiff on more than one occasion for the sole purpose of extorting goods and services which Defendant was not entitled due to Defendant's breach of contract.

58.     Further, Plaintiff understands that this is not Defendant's first time abusing a business owner to avoid paying for contracted services.

59.     Furthermore, in light of the fact that (1) Defendant continued to maliciously publish false information about Plaintiff after receiving a Cease and Desist notice and (2) Defendant recorded a new reality television show scheduled to premiere on March 12, 2020 on We TV whereby she continues to call Plaintiff a thief, Defendant's actions show willful misconduct, malice, fraud, wantonness, oppression, and/or entire want of care which raises the presumption of conscious indifference to the consequences.

60.     As a result, aggravating circumstances are present and punitive damages in an amount to be determined by a jury are hereby sought by Plaintiff in order to penalize, punish, and/or deter Defendant from future actions such as those which gave rise to this lawsuit.

**Count 6**
**Libel pursuant to O.C.G.A. 51-5-1(a)**
*Plaintiff Alfred Hagler v. Tammy Rivera Malphurs (Williams)*

Plaintiff hereby incorporates above-mentioned paragraphs 1 through 13, paragraphs 21 through 26, and paragraphs 28 through 29, and further states as follows:

61.     Through the above-mentioned Instagram publications, Defendant has falsely and maliciously misled the public to believe that Plaintiff is guilty of a crime, dishonesty, or immorality.

62.     Further, Defendant's above-mentioned publications were unprivileged, communicated to thousands—if not millions—of people. Furthermore, the above-mentioned publications by Defendant have injured Plaintiff's trade or business as evidenced by the 4,480 comments associated with Defendant's June 10, 2019 publication and 3,343 comments associated with Defendant's June 14, 2019 publication—many of which express feelings such as the following: (1) "Wow. I wanted to try them, this sucks,"[22] (2) "Well, I'll be unfollowing them. [Embarrassment emjoi] smh That's crazy,"[23] and (3) "Me & my

---

[22] This comment was published by verified Instagram user "primadonna87"—a celebrity Instagram user and/or influencer.
[23] This comment was published by verified Instagram user "erika_lapearl_mua"—another celebrity Instagram user and/or influencer.

sister love they [sic] designs, we were actually considering hiring them for each of our homes. Thank u Tammy, now they're a FUCKIN DUB!!!"[24]

63.     Defendant's allegations that Plaintiff has told Defendant nothing but lies, that Plaintiff has robbed 20 people, that Plaintiff has published fraudulent receipts, and Plaintiff has defrauded Defendant are false, defamatory, and injurious on their face. In addition, Defendant has misled the public to believe that Plaintiff is an incompetent interior decorator or designer who breached his contract with Defendant, misused Defendant's money, and caused Defendant to be unable to use her kitchen.

64.     As evidenced by Defendant's text messages to Plaintiff's wife, Defendant intentionally and maliciously posted the above-mentioned publications with full knowledge of the falsity of the statements or with reckless disregard for the truth of the statements, and/or negligently caused the statements to be published.

---

[24] This comment was published by Instagram user "bexxyfaces".

65.     Furthermore, as evidenced by Defendant's text messages to Plaintiff, Defendant tortious actions were calculated to injure Plaintiff and did in fact injure Plaintiff.

66.     For these reasons and others, Defendant's publications exposed Plaintiff to public hatred, contempt, and/or ridicule and are statutorily libelous in Georgia.

67.    Further, Defendant's publications proximately caused Plaintiff to suffer special harm in form of contract losses totaling over $1,000,000.  Furthermore, Defendant's conduct has caused Plaintiff to suffer severe emotional distress resulting in numerous medical bills.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in his/her favor and against Defendant as follows:

(a)    Awarding Plaintiff compensatory and punitive damages in amounts to be determined at trial exceeding $75,000;

(b)    Permanently enjoining Defendant and any and all other persons or entities acting on behalf of Defendant from disseminating or publishing any statements suggesting that (1) Plaintiff has defrauded Defendant, (2) Plaintiff has robbed

and/or defrauded clients, (3) Plaintiff is a liar, or (4) Plaintiff

is an incompetent interior decorator or designer;

(c)    Ordering Defendant to cease and desist all communication

with Plaintiff "by broadcast, by computer, by computer

network, or by any other electronic device" in light of the

criminal actions mentioned in paragraphs 27 and 28;

(d)    Granting Plaintiff such other and further relief as the Court

deems just and proper.

(e)    Awarding Plaintiff compensatory and punitive damages for

the severe emotional distress and medical bills caused by

Defendant's actions.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims for relief

and issues triable by jury.

Submitted this 18th day of September 2020.

s/*Tremaine Ross*

Trey Ross, M.Ed., Esq.

Georgia Bar. No. 513017

The Law Office of Trey Ross

4989 Peachtree Parkway; Suite 202

Peachtree Corners, GA 30092

trey@treyrosslaw.com (Email)

678-362-7576 (Phone)

1-301-969-2194 (Fax)

*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES AND CERTIFICATE OF SERVICE

In accordance with LR 7.1(D), I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, one of the fonts specified in LR 5.l(B). I also hereby certify that I have served counsel of record with a copy of the foregoing by filing through the Court's ECF filing system which will provide notice to the following:

**Tammy Rivera Williams**
1894 Vermack Court
Atlanta, GA 30338

**Charles D. Graham, Esq.**
The Graham Law Firm
191 Roswell Street
Suite 200
Marietta, GA 30060

Submitted this 18th day of September 2020.

s/*Tremaine Ross*
Trey Ross, M.Ed., Esq.
Georgia Bar. No. 513017
The Law Office of Trey Ross
4989 Peachtree Parkway; Suite 202
Peachtree Corners, GA 30092
trey@treyrosslaw.com (Email)
678-362-7576 (Phone)
1-301-969-2194 (Fax)
*Attorney for Plaintiff*