UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALFRED HAGLER,

      Plaintiff,

    v.

TAMMY RIVERA WILLIAMS
(ALSO KNOWN AS TAMMY
RIVERA MALPHURS),

      Defendant.

CIVIL ACTION NO.
1:20-cv-03873-JPB

## ORDER

This matter is before the Court on Plaintiff Alfred Hagler's ("Hagler")

Motion for Entry of Default Judgment ("Motion") as to Defendant Tammy Rivera

Williams ("Williams").  ECF No. 7.  After due consideration of the Motion, the

Court finds as follows:

## I.    BACKGROUND

On September 18, 2020, Hagler filed a Complaint against Williams asserting

claims in connection with an interior design project dispute.  Hagler served

Williams with process on October 6, 2020, and Williams' response to the

Complaint was therefore due by October 27, 2020.  Williams did not answer or

otherwise respond to the Complaint by the deadline.

Hagler filed the instant Motion on November 3, 2020, seeking an entry of "default judgment" against Williams.

Williams thereafter filed an untimely answer to the Complaint but did not respond to Hagler's request for entry of default judgment against her or seek to remedy the late filing.

## II.   <u>DISCUSSION</u>

It is well-settled that securing a default judgment is generally a multi-step process.  First, "[w]hen a party … has failed to plead or otherwise defend [an action] …, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Next, "the party must apply to the court for a default judgment," unless he can show by affidavit that the claim is for "a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b).  Upon finding that a default judgment is appropriate, the court may then conduct a hearing to determine any applicable damages.  *Id*.

Here, because Williams failed to answer or otherwise respond to the Complaint by the applicable deadline, the clerk is **DIRECTED** to enter Williams' default, pursuant to Federal Rule of Civil Procedure 55(a).

However, to the extent Hagler seeks entry of default ***judgment*** against Williams, Hagler's Motion (ECF No. 7) is **DENIED** without prejudice.

The "[e]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (internal punctuation omitted). In other words, "[t]he court may grant default judgment [only] on those claims brought by [p]laintiff[s] that are legally sufficient and supported by well-pleaded allegations." *Earthlink, Inc. v. Long On Am., Inc.*, No. 1:02-cv-1921, 2006 WL 783360, at *1 (N.D. Ga. Mar. 24, 2006). *See also Functional Prod. Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355, 2014 WL 3749213, at *11 (N.D. Ga. July 29, 2014) (stating that "a default judgment cannot stand on a complaint that fails to state a claim"). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and Hagler must show that "the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Surtain*, 789 F.3d at 1244–45.

Given that Hagler's Motion provides no analysis or argument whatsoever regarding the legal sufficiency of his claims against Williams, it does not constitute a sufficient application for default judgment. In the interest of justice, the Court will permit Hagler another opportunity to file a properly supported motion for default judgment against Williams. Hagler must do so within two weeks of the date of this Order.

**SO ORDERED** this 29th day of July, 2021.

_____

**J. P. BOULEE**
United States District Judge